IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DONIELE SMITH,** *et al.***,**<br>on behalf of herself and all others similarly situated,<br><br>**and**<br><br>**BRANDY HILL,** *et al.***,**<br>on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**HILLSTONE HEALTHCARE, INC.,**<br><br>Defendant. | **Case No. 2:17-cv-1075**<br><br>**Related Case: 2:19-cv-1031**<br><br>**JUDGE GRAHAM**<br><br>**CHIEF MAGISTRATE JUDGE DEAVERS** |

**OPINION AND ORDER**

This matter is before the Court on the parties' motion captioned, "Joint Motion for Order Approving FLSA Collective Action Settlement" (ECF No. 99). For the reasons that follow, the parties' joint motion is **GRANTED in part and as amended by this Order**.

**I.     BACKGROUND**

On September 12, 2019, the Court granted the Joint Motion to Consolidate Cases for Purposes of Settlement Approval Only (ECF No. 96), which consolidated *Doniele Smith, et al. v. Hillstone Healthcare, Inc.,* Case No. 2:17-cv-1075 with *Brandy Hill, et al. v. Hillstone Healthcare, Inc.,* Case No. 2:19-cv-1031.

On October 11, 2019, the parties to this consolidated action filed their joint motion for settlement approval. (ECF No. 99.)

1

The parties' proposed settlement agreement provides that Plaintiffs' counsel shall receive $162,106.34 in attorneys' fees, which is almost half of the total settlement amount of $355,000. (ECF No. 99 at 895–96.) Though the parties' motion contains declarations from Plaintiffs' counsel, counsel's declarations fail to provide adequate justification that the amount sought is reasonable. This amount, based on the Court's experience in these cases, is quite high as a percentage of the recovery. The reason may be that here we have three senior attorneys working on a case which could have been handled by one.

On February 3, 2020, the Court ordered Plaintiffs' counsel to submit detailed evidence of the hours worked on this litigation and the rates claimed, so that the Court may properly assess whether the attorneys' fees sought are reasonable. (ECF No. 100.)

On February 21, 2020, Plaintiffs' counsel submitted detailed billing records and supplemental declarations in support of their claimed hours worked on the underlying suits and associated hourly rates. (ECF No. 101.)

On August 4, 2020, the Court held a telephone conference with the parties to discuss the issue of attorneys' fees. (ECF No. 103.)

## II. STANDARD OF REVIEW

Under 29 U.S.C. § 216(b), prevailing plaintiffs in a Fair Labor Standards Act ("FLSA") action are entitled to recover reasonable attorneys' fees and the costs of the action. An attorney's fee is reasonable if it is "adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 619 (6th Cir. 2007). The starting point for a "reasonable" attorney's fee determination is the lodestar calculation, which is the product of the number of hours an attorney reasonably spent on the case times a reasonable

hourly rate. *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004). The district court may then adjust that amount depending on the circumstances of the particular case. *Id.*

"To justify an[] award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter*, 510 F.3d at 617. The party requesting a fee award "should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### III. DISCUSSION

#### A. Settlement Approval

The parties' joint motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the joint motion as Exhibit A.[1] (ECF No. 99-1.)

The total settlement amount is $355,000 and covers: (a) all of the individual payments to Plaintiffs; (b) Representative Plaintiffs' Service Payments; and (c) Plaintiffs' counsel's attorneys' fees and expenses. Defendant will also pay the cost of the administration of the settlement not to exceed $17,500.00.

Approximately $161,378 of the settlement amount provides Plaintiffs with 158% of their alleged overtime damages and 25% of the alleged Prompt Pay damages. These individual payments will be allocated as follows: 50% to the settlement of wage claims and 50% to the settlement of claims for statutory penalties.

---

[1] All terms used in this Order shall have the same meaning as defined in the parties' Agreement.

The settlement provides earlier relief to class members and eliminates the risks of continued litigation. In addition to their individual payments, the four Representative Plaintiffs will receive a total of $15,000. Two of the Representative Plaintiffs will receive $5,000 each, and the other two will receive $2,500 each.

The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the FLSA Class Representatives and the FLSA Class Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel.

The Court approves the Agreement and its Exhibits, including the proposed FLSA Collective Action Settlement Notice and the proposed FLSA Consent to Join and Release Form, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the FLSA Collective Action Settlement as to the Group Members.

The Court finds that the proposed allocation and calculation of the settlement payments to the Eligible Settlement Participants as listed in Exhibit 2 to the Joint Stipulation of Settlement and Release are fair and reasonable. The Court approves the method of calculation and proposed distribution of the settlement payments. The parties have submitted a list providing the names of the Eligible Settlement Participants.

The Court approves the service payment to Representative Plaintiffs, Doniele Smith, Brandy Hill, Nicole Cubbison, and Temeka Simpson, in recognition of their service in the Actions and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

The Court amends the portion of the settlement amount paid to Plaintiffs' counsel for attorneys' fees and expenses as detailed below.

### B. Attorneys' Fees

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). Here, Plaintiffs' counsel seeks $162,106.34 in fees and $16,515.66 in expenses. (ECF No. 99 at 896.) Three attorneys billed on this matter and submit that their expertise and experience, along with the excellent results achieved justify an amount that is 46% of the total settlement amount.

#### 1. Lodestar Method

The Court uses the lodestar method in determining reasonable attorneys' fees. This method multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue,* 559 U.S. at 554. The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. The lodestar method is designed to attract competent counsel to vindicate a person's rights but is not designed to serve as a windfall for attorneys. *Coulter v. Tenn.,* 805 F.2d 146, 149 (6th Cir. 1986).

### 2.     **Reasonable Hourly Rates**

Plaintiffs' supplemental declarations and itemized billing statements show that Shannon Draher of Nilges Draher LLC, Matthew Coffman of Coffman Legal, LLC, and Peter Contreras of Contreras Law, LLC billed on this matter.  Ms. Draher billed 182 hours at an hourly rate of $450, Mr. Coffman billed 211.3 hours at an hourly rate of $350, and Mr. Contreras billed 72.1 hours at an hourly rate of $350.

"A trial court, in calculating the reasonable hourly rate component of the lodestar computation, should initially assess the prevailing market rate in the relevant community." *Adcock-Ladd,* 227 F.3d at 350 (internal quotation marks and emphasis omitted).  The court looks to the rate "which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court."  *Id.*  Comparable skill and experience mean "attorneys with similar experience representing plaintiffs in wage and hour litigation." *Snide v. Disc. Drug Mart, Inc.*, No. 1:11-cv-244, 2013 U.S. Dist. LEXIS 165584, *22 (N.D. Ohio Oct. 30, 2013).  A court may also "consider a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience from handling similar requests for fees." *Miller v. Food Concepts Int'l, LP*, No. 2:13-CV-00124, 2017 U.S. Dist. LEXIS 186836, at *10 (S.D. Ohio Nov. 13, 2017) (quoting *Northeast Ohio Coalition v. Husted*, No. 2:06-cv-896, 2014 U.S. Dist. LEXIS 137320, 2014 WL 4829597, at *12 (S.D. Ohio Sept. 29, 2014) (vacated in part on other grounds)).

This Court relies on the hourly rates listed in the Ohio State Bar Association's report entitled *The Economics of Law Practice in Ohio in 2019* (the "OSBA Report") to assess the reported rates for Ohio attorneys, separated into numerous categories, such as practice area, geographic region, and years of experience.

Ms. Draher seeks an hourly rate of $450.  She suggests that her nearly nineteen years of experience should qualify her for this rate, because she is personally aware of two other, similarly experienced attorneys billing at the same rate, and she was the attorney primarily responsible for collecting, organizing, and reviewing Defendant's spreadsheets.

The Court finds that an hourly rate of $400 is appropriate and will apply that rate to Ms. Draher's hours.  The Court makes its finding based in part on the median rates reported by the OSBA Report for the following categories: the Central Ohio market ($200), lawyers with 16 to 25 years of experience ($250), firms like the Nilges Draher firm with 3 to 6 lawyers ($250), and the labor law practice ($250).  The Court has also considered its own experience with attorneys' fee awards in FLSA cases, familiarity with the local legal market, Ms. Draher's coordination of the extensive discovery conducted in this consolidated action, and the very favorable result achieved for Plaintiffs.

Mr. Coffman has practiced for eleven years and seeks an hourly rate of $350, and the Court finds that $350 per hour is a reasonable rate.  The Court makes this determination based on the rates listed in the OSBA Report for attorneys with 11 to 15 years of experience, the Court's experience, the work Mr. Coffman performed on this consolidated action from its inception to settlement, and the resulting award for Plaintiffs.

Mr. Contreras has practiced for twelve years and seeks an hourly rate of $350.  For the same reasoning applied to his co-counsel, Mr. Coffman, the Court finds that $350 per hour is a reasonable rate in light of Mr. Contreras's experience and work performed throughout this consolidated action.

### 3. Reasonable Hours Billed

The second part of the lodestar method requires the Court to determine the reasonable number of hours expended.  "[T]he prevailing party's lawyer should be the first gatekeeper in this

task, exercising the same billing judgment she would with one's client." *Hines v. DeWitt,* 2:13-CV-1058, 2016 WL 2342014, at *4 (S.D. Ohio May 4, 2016) (citing *Hensley,* 461 U.S. at 434). The Court's focus is on "mixed questions about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter,* 805 F.2d at 151. Hours which are excessive, redundant, or otherwise unnecessary will not be counted. *Hensley,* 461 U.S. at 434. While representation by multiple legal counsel "can be productive," "the danger of duplication [is] a waste of resources which is difficult to measure." *Coulter,* 805 F.2d at 151-52. Trial courts "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice,* 563 U.S. 826, 838 (2011).

Ms. Draher billed a total of 182 hours, Mr. Coffman billed 211.3 hours, and Mr. Contreras billed 72.1 hours. Mr. Coffman and Mr. Contreras handled the day-to-day activities and prosecution of the *Smith* case from August 2017 until October 2018. (Contreras Decl. ¶ 16, ECF No. 101-1 at 1077.) Ms. Draher entered her appearance on October 5, 2018. (ECF No. 32.) After October 5, 2018, Mr. Coffman and Ms. Draher handled the primary day-to-day activities and prosecution of the *Smith* case. (Coffman Decl. ¶ 14, ECF No. 101-1 at 1042.) Ms. Draher claims that she was the attorney primarily responsible for reviewing the 100-plus Excel spreadsheets produced by Defendant and its payroll provider from April 2019 to July 2019. (Draher Decl. ¶¶ 17–20, ECF No. 101-1 at 1003.) Each attorney also billed for time spent on the *Hill* case beginning in March 2019.

Upon reviewing all three attorneys' hours, the Court finds that some of the hours were excessive, redundant and inefficient. Prior to entering her appearance, Ms. Draher billed 8.8 hours discussing whether to join this action and reviewing the procedural history and filings in a case

that Messrs. Coffman and Contreras had been working on for over a year. Mr. Coffman also billed 2.9 hours discussing whether Nilges Draher should join the case, familiarizing the firm with the case, and contemplating the firm's involvement. Likewise, Mr. Contreras billed 0.8 hours regarding the future co-counsel relationship between the three attorneys. Most of this time was for the benefit of the lawyers in establishing a working relationship, not the advancement of the case. The Court will reduce Ms. Draher's hours by 4.8, thus allowing her 4 hours to get up to speed on the case, and the remaining hours will be excluded from Messrs. Coffman's and Contreras's total numbers of hours.

All three attorneys billed for time spent performing administrative work such as scheduling, sending documents to clients, filing, downloading and saving documents, and updating lists, which are "'purely clerical or secretarial tasks [that] should not be billed (even at a paralegal rate).'" *Miller*, 2017 U.S. Dist. LEXIS 186836 at *38 (quoting *Gibson*, 2014 U.S. Dist. LEXIS 20576 at *10) (finding that such tasks are included in office overhead). The Court also notes other instances of billing for non-substantive legal work such as receipt of email notifications, forwarding voicemail messages, and delegating tasks to co-counsel and staff. The Court further notes various indicia of questionable billing and time entries concerning calls with potential clients, block billing, and discussions with co-counsel. While the Court does not doubt that effective communication with co-counsel is necessary, these time entries are excessive and often consist of routine tasks which a non-lawyer could have performed. The Court will therefore reduce Ms. Draher's total by 18 hours, Mr. Coffman's total by 59.2 hours, and Mr. Contreras's total by 1.5 hours.

The Court learned during the August 4, 2020 telephone conference that Ms. Draher was the attorney primarily responsible for reviewing and analyzing payroll records and spreadsheets

produced from April 2019 through July 2019, and conferring with the expert she retained to perform a computer analysis of the Plaintiffs' claims that was the principal document used in negotiating the settlement of the class claims. Ms. Draher billed a substantial number of hours performing these tasks. Messrs. Coffman and Contreras also billed several hours performing the same tasks. Mr. Coffman billed 11.6 hours, and Mr. Contreras billed 13.8 hours. The Court finds that these hours are duplicative of the hours billed by Ms. Draher. The Court therefore subtracts these hours from Messrs. Coffman's and Contreras's total hours.

Two of the attorneys, Ms. Draher and Mr. Coffman, traveled to and attended the August 14, 2019 mediation. The Court finds that it was unnecessary for Mr. Coffman to attend the mediation, as it was Ms. Draher who was primarily responsible for examining Defendant's spreadsheets and payroll records and who worked with the expert to prepare the damages model, which was instrumental to the resolution of the case. In any event, the Court finds it was not necessary for more than one senior lawyer to attend the mediation. The Court therefore further reduces Mr. Coffman's hours by 10.80 and will subtract his mediation costs.

Mr. Coffman billed 2.2 hours performing tasks related to the Court's February 3, 2020 Order to submit detailed evidence of the hours worked and rates claimed. The Court requested this information to confirm whether the attorneys' fees sought as of October 11, 2019 were reasonable. Mr. Coffman should not have billed for additional time spent beyond that date since most of that time was spent addressing deficiencies brought to his attention by the Court. His total number of hours will therefore be reduced by an additional 2.2 hours.

After subtracting the various categories of hours detailed above, the Court finds that Ms. Draher performed 159.2 hours of substantive legal work. Multiplying 159.2 hours by the appropriate attorney hourly rate for Ms. Draher of $400 yields $63,680. The Court further finds

that Mr. Coffman performed 130.9 hours of legal work. Multiplying that number by his hourly rate of $350 yields $45,815. Additionally, the Court has determined that Mr. Contreras performed 56 hours of legal work and multiplying that number by his hourly rate of $350 yields $19,600. This calculation provides a lodestar amount of $129,095 in attorneys' fees, which is 36% of Plaintiff's total recovery amount. This amount is close to one-third of Plaintiffs' total recovery, which is standard in FLSA cases, and confirms that the Court's cross-check analysis of 36% is reasonable. After subtracting Mr. Coffman's $248.36 in mediation costs, Plaintiffs' counsel is awarded $16,267.33 in costs.

### IV. CONCLUSION

For the reasons stated above, the parties' motion captioned, "Joint Motion for Order Approving FLSA Collective Action Settlement" (ECF No. 99) is **GRANTED in part and as amended by this Order**. The amount of the Settlement with the Plaintiff class is approved. The parties are instructed to amend the Settlement to reflect the Court's award of **$129,095 in attorneys' fees and $16,267.33 in costs**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: August 7, 2020